

Francis X. Riley III
Phone: (609) 452-3150
Fax: (609) 514-3744
friley@saul.com
www.saul.com

January 13, 2016

**VIA ECF**
Honorable Henry B. Pitman, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P., et al.*
               Civil Action No. 1:13-cv-01654-RA-HBP

               *Marc S. Kirschner, as Trustee of the Refco Litigation Trust v. CIHLP LLC, et al.*
               Civil Action No. 1:15-cv-08189-RA-HBP

Dear Judge Pitman,

      Saul Ewing LLP represents the Defendants in connection with the action brought by Refco Group Ltd, LLC ("RGL"), Civil Action No. 1:13-cv-01654 (the "Derivative Action") and the action brought by Marc S. Kirschner, as Trustee of the Refco Litigation Trust (the "Trustee"), Civil Action No. 1:15-cv-08189 (the "Direct Action"). Defendants submit this letter respectfully requesting that a pre-Motion conference be scheduled to address Defendants' forthcoming request to stay discovery pending resolution of the dispositive motions in the Derivative and Direct Actions. Defendants further submit this letter in response to RGL and the Trustees' January 12, 2016 letters requesting a discovery conference.

**I.**      <u>Good Cause to Stay Discovery Exists in Both Actions</u>:

      The filing of a motion to dismiss may provide the "good cause" necessary for issuance of a protective order staying discovery. *See Brooks v. Macy's Inc.,* 2010 WL 5297756, *1-2 (S.D.N.Y. Dec. 21, 2010). The Court should consider the strength of the dispositive motion, the breadth of the discovery sought, and the potential burden of responding to it. *Id.* (citing *Gandler v. Nazarov*, 1994 WL 702004 at *4 (S.D.N.Y. Dec. 14, 1994)(stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law.").

Marc A. Citron - Princeton Managing Partner
650 College Road East, Suite 4000 ♦ Princeton, NJ 08540-6603 ♦ Phone: (609) 452-3100 ♦ Fax: (609) 452-3122

1076977.1    DELAWARE   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

### A. Direct Action

With respect to the Direct Action, the factors clearly weigh in favor of issuing a stay of discovery pending the outcome of Defendants' Motion to Dismiss. The Defendants' Motion seeks to dismiss the entire complaint against the Defendants. *See Direct Action, Docket Entry 16, Defendants' Memorandum in Support of their Motion to Dismiss.* In the Direct Action, the Trustee seeks to renew a breach of contract claim against Defendant CIHLP, LLC ("CIHLLC") previously brought by Refco Group Ltd., LLC ("RGL") and dismissed by the Honorable Ronnie Abrams. *See Derivative Action, Docket Entry 39, Judge Abrams' June 10, 2014 Opinion and Order, pg. 64.* The gravamen of the Trustee's claims against CIHLLC, like RGL's before it, allege that CIHLLC breached the terms of its limited partnership agreement with RGL by selling all or substantially all of CIH's business or assets without RGL's consent. *See Direct Action, Docket Entry 1, Verified Complaint, ¶¶6-10.* Judge Abrams previously dismissed RGL's breach of contract claims against CIHLLC on standing grounds, but expressly noted that RGL's breach of contract claim "would fail on the merits in any event." *Id.* The Court held that even if the subject transfers (the same transfers at issue in the present Action) allegedly left CIL with very little, "RGL has not plausibly alleged that the same was true of CIH as a whole." *Id. at pg. 65.* The same issues which led this Court to previously dismiss these same claims against CIHLLC remain in the Direct Action.

Further, the Trustee seeks to hold Cantor Fitzgerald L.P. ("CFLP"), and Cantor Fitzgerald Securities ("CFS") liable for aiding and abetting CIHLLC's alleged breach of the limited partnership agreement. *See Direct Action, Docket Entry 1, Verified Complaint, ¶¶86-108.* Yet, no such cause of action exists under either New York or Delaware law and accordingly all of the claims against CFLP and CFS will be dismissed as a matter of law. *See Direct Action, Docket Entry 16, Defendants' Memorandum in Support of their Motion to Dismiss, pgs. 10-11.* Based on the foregoing, Defendants have a substantial basis for the dismissal of the entirety of the Direct Action and the claims brought against the Defendants.

Notwithstanding the Trustee's characterization of the Direct Action as a "simple breach of contract action," the discovery relating to its claims are likely to be anything but "simple." The Trustee's claims against CIHLLC will inherently involve discovery relating to an analysis of "all or substantially all" of CIH's business or assets, including those of CIH's numerous subsidiaries. The Trustee is also likely to seek information, documents and communications from CFLP and CFS as they are alleged to have "aided and abetted" the underlying breach of contract. The Trustee is likely to seek documents and communications relating to the business operations and financial performance of CIH's subsidiaries, including its UK subsidiary Cantor Index Limited. Further, the Defendants fully expect the Trustee to seek a substantial amount of Electronically Stored Information ("ESI") as RGL has in the Derivative Action. The aforementioned discovery, if permitted, is likely to be time-consuming and costly.[1] Defendants

---

[1] The scheduling order proposed by the Trustee contains no ESI protocol whatsoever that is necessary to aid in providing streamlined ESI searching, identification and production.

respectfully request that a Pre-Motion Conference be scheduled to address their forthcoming request to stay all discovery in the Direct Action pending resolution of the Motion to Dismiss.

### B.     Derivative Action

With respect to the Derivative Action, Defendants are seeking a Pre-Motion Conference regarding their forthcoming request to stay discovery of the claims which are the subject of Defendants' pending Motion to Dismiss.[2] While Judge Abrams recently affirmed Your Honor's decision granting RGL leave to amend the First Amended Complaint and reassert its previously dismissed claims relating to the alleged "undocumented transfers" of technology, the alleged improper increase in related party fees, and the transfers of the very businesses that are the subject of the Direct Action, she acknowledged that her review was constrained by the "clear error" standard.  As a result, Defendants filed a Motion to Dismiss these claims to provide her Honor an opportunity to review RGL's Second Amended Complaint without the restrictions of the clear error standard.  Defendants respectfully submit that when the Fed. R. Civ. Pro 12(b)(6) standard is applied to RGL's Second Amended Complaint, its claims relating to the alleged "undocumented transfers" of technology, the alleged improper increase in related party fees, and the transfers of certain trading activities, will be found to fail as a matter of law.

RGL has not and cannot dispute that the discovery they will seek relating to these new claims will be significant.[3] By way of example, RGL previously sought;

- All Documents and Communications Concerning any transfer or licensing of any Gaming-related Intellectual Property, tangible or intangible, from Cantor Index Holdings to any entity outside of Cantor Index Holdings during the Relevant Time Period (RGL's Document Demand No. 2);
- All Documents and Communications Concerning Cantor Mobile during the Relevant Time Period (RGL's Document Demand No. 6);
- All Documents and Communications Concerning the development and implementation of Midas (RGL's Document Demand No. 17).

As the parties have already met and conferred on many of these issues, these document demands also include RGL's request for expansive ESI searches and discovery relating to these claims.  In fact, RGL has already requested that Defendants begin to amend their responses and objections to these requests.  The aforementioned discovery is likely to result in the production of hundreds of thousands of pages of documents and information and will undoubtedly result in

---

[2] RGL incorrectly asserts that Defendants are seeking to stay all discovery in the Derivative Action.  However, Defendants seek to stay discovery of those claims which are the subject of their pending Motion to Dismiss.  Those claims include RGL's claims relating to which relate to the alleged "undocumented transfers" of technology, the alleged improper increase in related party fees, and the transfers of certain trading activities.

[3] The New Claims arise from at least two of the very transactions that are the subject of the Direct Action, for which it has been noted above a stay in discovery is warranted.

January 13, 2016
Page 4

substantial burden and cost on the Defendants. As such, Defendants will respectfully request that the discovery relating to these claims be stayed until Judge Abrams has an opportunity to review for herself whether RGL's renewed claims cure their prior defects and state a valid claim for relief.

For these reasons, Defendants believe that the Trustee and RGL's request for a scheduling conference is premature and unnecessary. Further, in light of the Defendants' position that they are willing to proceed with discovery which is unrelated to its pending Motion to Dismiss in the Derivative Action, Defendants respectfully request that RGL's request for a Scheduling Conference be denied until the parties have an opportunity to properly meet and confer on the discovery issues in the Derivative Action.

Thank you for your time and attention to this matter.

Respectfully Submitted,

*s/Francis X. Riley III*
Francis X. Riley III

cc:   All Counsel of Record (VIA ECF)

1076977.1